NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FURNITURE BRANDS INTERNATIONAL, INC.,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee,*

AND

**UNITED STATES INTERNATIONAL TRADE COMMISSION,**
*Defendant-Appellee,*

AND

**AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE AND VAUGHAN-BASSETT FURNITURE COMPANY, INC.,**
*Defendants-Appellees.*

---

2012-1059

---

Appeal from the United States Court of International Trade in case no. 07-CV-0026, Judge Timothy C. Stanceu.

---

## ON MOTION

---

Before REYNA, *Circuit Judge.*

## ORDER

Defendants-Appellees American Furniture Manufacturers Committee for Legal Trade and Vaughan-Bassett Furniture Company, Inc. (collectively, "the Committee for Legal Trade") and Defendant-Appellee United States move for summary affirmance of the United States Court of International Trade's judgment dismissing Furniture Brands International, Inc.'s ("Furniture Brands") complaint for failure to state a claim upon which relief can be granted. The United States International Trade Commission responds in favor of summary affirmance. Furniture Brands opposes. The United States and the Committee for Legal Trade reply.

At issue is whether this court's determination in *SKF USA, Incorporated v. United Sates Customs and Border Protection*, 556 F.3d 1337 (Fed. Cir. 2009) ("*SKF*"), forecloses Furniture Brand's appeal.[1]

Summary disposition of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States* 17 F.3d 378, 380 (Fed. Cir. 1994).

---

[1] In *SKF*, this court concluded that the Continued Dumping and Subsidy Offset Act of 2000 (also known as the Byrd Amendment) neither violated the Constitution's equal protection guarantee nor the First Amendment. The Byrd Amendment provides for the distribution of antidumping duties collected by the United States to eligible "affected domestic producers" of the dumped goods. 19 U.S.C. § 1675c(a) (2000). An "affected domestic producer" must be "a petitioner or interested party in support of the petition with respect to which an antidumping duty order . . . has been entered." *Id.* at § 1675c(b)(1)(A).

Because Furniture Brands raises issues that may not have been determined in *SKF*, we cannot say that a substantial question regarding the outcome of this case does not exist.

Upon consideration thereof,

IT IS ORDERED THAT:

The motions are denied.

                              FOR THE COURT

**FEB 2 9 2012**
_____                    /s/ Jan Horbaly
       Date                        Jan Horbaly
                                   Clerk

cc:  David W. DeBruin, Esq.
     Joseph W. Dorn, Esq.                    **FILED**
     Jessica R. Toplin, Esq.          U.S. COURT OF APPEALS FOR
     Patrick Gallagher, Esq.             THE FEDERAL CIRCUIT

s25                                        FEB 2 9 2012

                                           JAN HORBALY
                                              CLERK